[Cite as *Madden v. Prod. Concrete, Inc.*, 2013-Ohio-5393.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Larry Madden et al., | : | |
| Plaintiffs-Appellants, | : | |
| v. | : | No. 13AP-208<br>(C.P.C. No. 12CV-4549) |
| Production Concrete, Inc., | : | |
| | | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on December 10, 2013

*Mark A. Adams, LLC,* and *Mark A. Adams*, for appellants.

*Isacc, Brant, Ledman & Teetor, LLP, J. Stephen Teetor, James M. Roper* and *Maribeth Deavers*, for appellee.

APPEAL from the Franklin County Court of Common Pleas

TYACK, J.

{¶ 1} Plaintiff-appellant, Larry Madden was injured when a trench collapsed while he was repairing an underground sewer pipe. For the reasons that follow, we affirm the judgment of the trial court granting summary judgment to defendant-appellee, Production Concrete ("PC"), albeit for a different reason.

{¶ 2} Madden was employed by non-party Madden Building and Remodeling who, in 2006, originally installed the sewer pipe at the Creekside Communities

condominium unit known as Building No. 1. The pipe was covered and not disturbed until 2007 when PC dug a large hole over the sewer pipe in order to install a water meter. For purposes of summary judgment only, PC admitted it was negligent in installing the water meter pit.

{¶ 3} The first occupant to move into the building reported a sewer line back up in March 2008. The owners contacted Madden Building and Remodeling to repair the sewer line. The portion of the sewer pipe that was broken was approximately six to eight feet below the surface. By use of shovels and a hose, Madden was able to determine that the pipe was blocked in the vicinity of the water meter pit.

{¶ 4} Madden and his co-workers began using a backhoe to expose more of the pipe. They excavated a trench about four feet deep and three feet wide. Once the backhoe had reached four feet of depth, Madden and his co-workers would enter the trench and dig two or three more feet with hand tools until they reached the pipe. As they progressed, they would stop every six or seven feet to shore up the sides of the trench using plywood and 4x4s along the banks.

{¶ 5} When the cave-in occurred, about 15 feet of the trench had been shored up. The backhoe had just excavated the next section when Madden entered the trench and began to hand-dig. Suddenly, the trench collapsed, severely injuring Madden.

{¶ 6} Madden and his wife filed suit against PC, alleging negligence and loss of consortium. Madden argued that PC negligently damaged the sewer pipe while installing a water meter pit, and that as a direct and proximate result of PC's damage to the sewer pipe, Madden was foreseeably injured while making the necessary underground repairs. Madden asserted that PC owed a legal duty to him based on the foreseeability of injury to

a person making repairs, and is thus liable for the resultant damages that he claims were directly and proximately caused by PC's negligence.

{¶ 7} PC moved for summary judgment on the basis that it did not owe any duty to Madden and that its negligent installation of the water meter was not the proximate cause of Madden's injuries.

{¶ 8} The trial court found the existence of any duty owed to Madden to be questionable, but on the record before it, could not rule out the possibility that PC owed a duty to Madden. For purposes of summary judgment, PC admitted it had negligently broken the sewer line while installing or lowering the water meter underground. However, the court could not determine the likelihood of injury, the extent of PC's negligence, and its effect on the likelihood of injury. The court instead granted summary judgment in favor of PC on the issue of proximate cause, finding PC's conduct was, at best, a remote cause and that the proximate cause of Madden's injuries was the collapsing trench.

{¶ 9} This appeal followed. Madden assigns a single assignment of error for our consideration:

> The trial court erred by granting appellee's motion for summary judgment and finding as a matter of law that appellee's negligence was a remote cause of appellant's injuries, without ever applying the law of proximate cause, and even though appellee's negligence was continuous and unbroken, and the harm to appellant as a result was foreseeable.

{¶ 10} Appellate review of summary judgment motions is de novo. *Helton v. Scioto Cty. Bd. of Commrs.*, 123 Ohio App.3d 158, 162 (4th Dist.1997). "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent

review of the record and stands in the shoes of the trial court." *Mergenthal v. Star Banc Corp.*, 122 Ohio App.3d 100, 103 (12th Dist.1997). Civ.R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that: (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. *State ex rel. Grady v. State Emp. Relations Bd.*, 78 Ohio St.3d 181, 183 (1997).

{¶ 11} "[N]egligence is conduct which falls below the standard established by law for the protection of others against unreasonable risk of harm." 2 Restatement of the Law 2d, Torts, Section 282 (1965). Negligence occurs when the defendant fails to recognize that he owes a duty to protect the plaintiff from harm and that failure proximately resulted in injury or damage to the plaintiff. *Di Gildo v. Caponi*, 18 Ohio St.2d 125, 127 (1969); *Kauffman v. First-Central Trust Co.*, 151 Ohio St. 298, 306 (1949). The elements of a claim of negligence are: (1) the existence of a legal duty owing from the defendant to the plaintiff; (2) the defendant's breach of that duty; and (3) injury to the plaintiff proximately resulting from such failure. *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22, citing *Mussivand v. David*, 45 Ohio St.3d 314, 318 (1989). To recover, a plaintiff must also prove damages proximately resulting from the breach. *Horsley v. Essman*, 145 Ohio App.3d 438, 442 (4th Dist.2001), citing *Jeffers v. Olexo*, 43 Ohio St.3d 140, 142 (1989).

{¶ 12} The existence and conditions of a duty between two parties is determined by the nature of the relationship between them. *Wallace* at ¶ 23, citing *Commerce & Industry Ins. Co. v. Toledo*, 45 Ohio St.3d 96, 98 (1989). The duty element of negligence poses a question of law for the court to determine. *Wallace* at ¶ 22. "[T]he existence of a

duty depends upon the foreseeability of harm: if a reasonably prudent person would have anticipated that an injury was likely to result from a particular act, the court could find that the duty element of negligence is satisfied." *Id.* at ¶ 23, citing *Texler v. D.O. Summers Cleaners & Shirt Laundry Co.*, 81 Ohio St.3d 677, 680 (1998); *Commerce*, supra; *Menifee v. Ohio Welding Prods., Inc.*, 15 Ohio St.3d 75, 77 (1984). Duty has also been described as "the court's 'expression of the sum total of those considerations of policy which lead the law to say that the particular plaintiff is entitled to protection.' " *Wallace* at ¶ 24, quoting *Mussivand* at 318, in turn quoting Prosser & Keeton, *The Law of Torts*, (4th Ed.1971), 325-26. Thus, there is no explicit formula for determining whether a duty exists and the existence of a duty is largely dependent upon the facts and circumstances present. *See Payne v. Vance*, 103 Ohio St. 59, 67 (1921).

{¶ 13} Madden characterizes his injury as flowing directly from PC's negligence and as result, entirely foreseeable. First, he submits that PC's negligence in damaging the sewer line continued in an unbroken chain up to the point of the trench collapse. In other words, Madden believes that since the damage was created underground, by necessity it required excavation to a certain depth to locate the break and to repair it. Further, the damage could not have been detected until the sewer line became clogged after the units became occupied and the sewer system was used. Thus, Madden contends that the remoteness in time from the negligence to the injury was irrelevant. Finally, he asserts that the fact that the trench collapsed some 50 feet from the broken line was due to the pipe blockage extending under the street to where Madden dug the trench. For this reason, Madden argues there is no remoteness in space from the original act of negligence at the site of the water meter.

{¶ 14} PC argues that it did not owe a duty to Madden and that Madden assumed the risk when he voluntarily entered into the trench. PC asserts that Madden assumed the risk of excavating an unshored portion of four to six foot deep trench with hand tools, and that is what proximately caused Madden's injuries.

{¶ 15} In *Anderson v. Ceccardi*, 6 Ohio St.3d 110 (1983), the Supreme Court of Ohio held that the defense of secondary or implied assumption of risk has been merged with the defense of contributory negligence under R.C. 2315.19. However, the court indicated that "primary" assumption of risk was not merged by reason of R.C. 2315.19. *Id.* at 114.

{¶ 16} " '[A]ssumption of risk in this form is really a principle of no duty, or no negligence, and so denies the existence of any underlying cause of action. Without a breach of duty by the defendant, there is thus logically nothing to compare with any misconduct of the plaintiff.' " *Ratliff v. 20th Century Constr. Co.*, 11th Dist. No. 94-L-026 (Sept. 30, 1994), quoting Prosser & Keeton, *The Law of Torts* (5th Ed.1984) 496-97. This type of assumption of risk, wherein one reasonably waives or otherwise relieves another of liability acts as a complete bar to recovery. In *Borchers v. Winzeler Excavating Co.*, 83 Ohio App.3d 268, 271 (2d Dist.1992), the court stated as follows:

> "Unreasonable assumption of risk sounds in negligence. Reasonable assumption of risk, entailing a reasonable and voluntary exposure to an obvious or known danger, sounds in waiver and consent-not fault. A plaintiff who reasonably chooses to proceed in the face of a known risk is deemed to have relieved defendant of any duty to protect him. See *Vargus v. Pitman Mfg. Co.* (E.D.Pa.1981), 510 F.Supp. 116, affirmed (1981), 673 F.2d 1301, rehearing denied (1982), 675 F.2d 73; *Smith v. Seven Springs Farms, Inc.* (C.A.3, 1983), 716 F.2d 1002; *Keegan v. Anchor Inns, Inc.* (C.A.3, 1979), 606 F.2d 35. This type of assumption of risk, wherein one

> reasonably waives or otherwise relieves another of liability for injuries which might result from patently dangerous conduct or activities, is conceptually equivalent to express assumption of risk."

{¶ 17} Traditionally applied to sporting events and recreational activities e.g., *Gallagher v. Cleveland Browns Football Co.,* 74 Ohio St.3d 427 (1996); *Crace v. Kent State Univ.*, 185 Ohio App.3d 534, 2009-Ohio-6898 (10th Dist.) (cheerleading), courts in Ohio have also applied the doctrine to other inherently dangerous activities. *French v. New Paris*, 12th Dist. No. CA2010-05-008, 2011-Ohio-1309 (installation of an antenna in proximity to high-voltage electric line); *Ballinger v. Leaniz Roofing, Ltd.*, 10th Dist. No. 07AP-696, 2008-Ohio-1421, ¶ 13 (ladder climbing). *Cafferkey v. Turner Constr. Co.,* 21 Ohio St.3d 110, 113 (1986) (construction site). Trenching is viewed by the courts as an inherently dangerous activity. *Young v. Miller Bros. Excavating Co.*, 2d Dist. No. 11306 (July 26, 1989); *Abbott v. Jarrett Reclamation Servs., Inc.,* 132 Ohio App.3d 729 (7th Dist.1999).[1]

{¶ 18} Here, Madden assumed the risk of excavating and trenching in order to excavate the broken sewer pipe. While it may have been foreseeable that a negligently broken sewer line would need excavation in order to repair it, under the doctrine of primary assumption of risk, PC did not owe a duty to Madden.

{¶ 19} "Primary assumption of the risk requires an examination of the activity itself and not plaintiff's conduct. If the activity is one that is inherently dangerous and from which the risks cannot be eliminated, then a finding of primary assumption of risk is

---

[1] "Excavation and trenching are among the most hazardous construction operations." OSHA 2226 (Rev. 2002). Excavations at https://www.osha.gov/Publications/OSHA2226/2226.html.

appropriate." *Gehri v. Capital Racing Club, Inc.*, 10th Dist. No. 96APE10-1307 (June 12, 1997). Primary assumption of risk is an absolute bar to recover in a negligence action. *Gallagher* at 431.

{¶ 20} In establishing primary assumption of risk and the concomitant lack of duty, the focus must remain on the lack of duty owed by the defendant. *Gehri*. Here, it was not the activity of negligently installing the water meter that is at issue, but rather the activity of excavating and trenching. Injury from trench collapses involves such obvious dangers and risks that Madden cannot establish the duty element of a prima facie case of negligence.

{¶ 21} Based on the foregoing, Madden's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

T. BRYANT, J., concurs.
DORRIAN, J., concurs separately.

T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of Ohio Constitution, Article IV, Section 6(C).

_____

DORRIAN, J., concurring separately.

{¶ 22} I concur separately with the judgment of the majority. I do not believe every trenching activity is, as a matter of law, an inherently dangerous activity. Even appellee states:

> Repairing a clogged pipe is an everyday occurrence and *not fraught with great risk of peril.* Sometimes a buried pipe can be repaired without any excavation at all, but sometimes, as

> here, excavation to expose the problem and to repair the clog is necessary. *Excavations themselves are also common, everyday occurrences.* Obviously, excavations can be, and usually are, safely made.

(Emphasis sic.)   (Appellee's brief, 15-16.)   Nevertheless, given the dimensions of the particular trenching in this case, I concur with the majority that the trenching here was an inherently dangerous activity.

_____