[Cite as *Lee Testing & Eng. Inc. v. Ohio Dept. of Transp.*, 2014-Ohio-1850.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Lee Testing & Engineering Inc. et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 13AP-851 |
| v. | : | (Ct. of Cl. No. 2012-3930) |
| Ohio Department of Transportation, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on April 29, 2014

*Donald R. Murphy*, for appellants.

*Michael DeWine*, Attorney General, and *Christopher P. Conomy*, for appellee.

APPEAL from the Court of Claims of Ohio

O'GRADY, J.

{¶ 1} Plaintiffs-appellants Lee Testing & Engineering Inc. and Verna Lee appeal from a judgment of the Court of Claims of Ohio rejecting their claims against defendant-appellee, the Ohio Department of Transportation ("ODOT"). For the reasons that follow, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} In May 2012, appellants filed a complaint against ODOT[1] alleging claims of negligence, discrimination under Title VI of the Civil Rights Act, and violations of the Fourteenth Amendment Due Process Clause. The claims stemmed from ODOT's actions

---

[1] The complaint also named various ODOT employees as defendants, but the Court of Claims dismissed them as parties in the action under R.C. 2743.02(E).

with regard to Lee Testing & Engineering Inc.'s ("Lee Testing") application for certification as a Disadvantaged Business Enterprise ("DBE") under 49 C.F.R. 26. Among other things, appellants complained about the amount of time it took for ODOT to approve Lee Testing's application and ODOT's failure to take certain actions after the approval. The Court of Claims bifurcated the issues of liability and damages for purposes of trial.

{¶ 3} After the liability trial, the Court of Claims dismissed the individual claims of Verna Lee based on a lack of standing. The court found it lacked jurisdiction to consider Lee Testing's due process and civil rights claims, and, even if the claims were cognizable, it was unclear what constitutional or statutory rights were at issue. Regarding the negligence claim, the court found Lee Testing failed to prove ODOT had a duty, and without a duty, there could be no breach of duty. Lee Testing also failed to show any alleged breach of duty caused it damages. The court noted when a trial is bifurcated into separate liability and damages phases, in the liability phase the plaintiff must still prove some damage was reasonably certain to occur as a proximate result of the defendant's negligence. The court also found, even if Lee Testing had proven damages, the economic loss rule barred the negligence claim because Lee Testing did not claim it suffered more than just economic harm. Additionally, the court found that if, as Lee Testing argued, ODOT had a duty to take further action to certify Lee Testing as a DBE, such action would be a "public duty," and ODOT's performance or nonperformance of that duty would be entitled to immunity under R.C. 2743.02(A)(3)(a). (R. 67, at 4-5.) Finally, the court found the special relationship exception to this immunity did not apply.[2]

## II. ASSIGNMENT OF ERROR

{¶ 4} Appellants appeal and present this court with one assignment of error for our review:

> THE TRIAL COURT ERRED WHEN IT FAILED TO FIND
> THAT THE DBE CERTIFICATION PROCESS IS GOVERNED
> BY THE SEVERAL SECTIONS UNDER 49 CFR 26, WHICH
> CREATES A SPECIAL RELATIONSHIP PURSUANT TO

---

[2] Though unclear, we interpret the Court of Claims' immunity discussion to apply only to Lee Testing's negligence claim and not its constitutional or civil rights claims.

O.R.C. 2743.02(A)(3)(b) AND AN AFFIRMATIVE DUTY
UPON APPELLEE ODOT TO ACT.

## III. DISCUSSION

{¶ 5} Under the sole assignment of error, appellants contend based on the existence of 49 C.F.R. 26, the Court of Claims should have found a special relationship existed between Lee Testing and ODOT for purposes of R.C. 2743.02(A)(3)(b) and ODOT had an affirmative duty to act. In other words, appellants challenge the Court of Claims' finding of immunity and appear to challenge the finding that ODOT had no duty for purposes of Lee Testing's negligence claim.

{¶ 6} However, as ODOT points out, even if we sustained appellants' assignment of error, we could not reverse the judgment of the Court of Claims in this matter. As we previously stated, the Court of Claims dismissed Lee's individual claims against ODOT for lack of standing. The Court of Claims rejected Lee Testing's due process and civil rights claims because they were not cognizable in the Court of Claims, and, even if they were, Lee Testing failed to prove them. On appeal, appellants do not challenge these findings, so we will not address them. *See* App.R. 12(A)(1)(b). Because these findings remain intact, the Court of Claims' judgment as to Lee's individual claims and Lee Testing's due process and civil rights claims likewise remains intact.

{¶ 7} Finally, the Court of Claims rejected Lee Testing's negligence claim for several independent reasons: (1) immunity, (2) lack of duty (and thus no breach of duty), (3) absence of proof of damages, and (4) the economic-loss rule. *See Madden v. Prod. Concrete, Inc.*, 10th Dist. No. 13AP-208, 2013-Ohio-5393, ¶ 11, citing *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 22 ("The elements of a claim of negligence are: (1) the existence of a legal duty owing from the defendant to the plaintiff; (2) the defendant's breach of that duty; and (3) injury to the plaintiff proximately resulting from such failure."); *Corporex Dev. & Constr. Mgt., Inc. v. Shook, Inc.*, 106 Ohio St.3d 412, 2005-Ohio-5409, ¶ 6 ("The economic-loss rule generally prevents recovery in tort of damages for purely economic loss."). Appellants only challenge the immunity and lack of duty findings in their assigned error. Therefore, regardless of the merits of the assigned error, the judgment on Lee Testing's negligence claim must stand. *See Roberts v. Columbus City Police Impound Div.*, 195 Ohio App.3d 51, 2011-Ohio-2873, ¶ 17 (10th

Dist.) (stating trial court's judgment must stand where appellant only challenges one of two separate and independent reasons the court gave for the judgment).

{¶ 8} We note, in its argument Lee Testing claims ODOT proximately caused damages. However, Lee Testing did not assign the Court of Claims' finding on damages as error, and this court rules on assignments of error, not mere arguments. *Anderson v. Preferred Title & Guaranty Agency, Inc.,* 10th Dist. No. 13AP-385, 2014-Ohio-561, ¶ 11. Additionally, Lee Testing did not provide this court with a transcript of the liability trial, and without that transcript we cannot evaluate Lee Testing's suggestion that it presented evidence of damages. Therefore, even if Lee Testing assigned the damages finding as error, we would have to presume the validity of the lower court proceedings and affirm on that issue. *Knapp v. Edwards Laboratories,* 61 Ohio St.2d 197, 199 (1980); *White v. Ohio Dept. of Rehab. & Corr.,* 10th Dist. No. 12AP-927, 2013-Ohio-4208. Appellant's assignment of error is overruled.

## IV. CONCLUSION

{¶ 9} Accordingly, we overrule the sole assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

BROWN and DORRIAN, JJ., concur.