[Cite as *Hulbert v. Ohio Bur. of Workers' Comp.*, 2014-Ohio-3937.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vickie Hulbert, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 14AP-374 |
| v. | : | (Ct. of Cl. No. 2013-00251) |
| Ohio Bureau of Workers' Compensation, | : | (ACCELERATED CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on September 11, 2014

*Livorno and Arnett Co., LPA*, and *Henry A. Arnett*, for appellant.

*Michael DeWine*, Attorney General, *Randall W. Knutti* and *Lindsey M. Grant*, for appellee.

APPEAL from the Court of Claims of Ohio

O'GRADY, J.

{¶ 1}  Plaintiff-appellant, Vickie Hulbert, appeals from a judgment of the Court of Claims of Ohio in favor of defendant-appellee, Ohio Bureau of Workers' Compensation ("BWC").  For the reasons that follow, we affirm.

I.  FACTS AND PROCEDURAL BACKGROUND

{¶ 2}  In April 2013, appellant filed a complaint in the Court of Claims of Ohio against BWC.[1]  The complaint alleged appellant, a Licensed Practical Nurse II ("LPN II"), provided nursing services to Peggy Hodge.  Hodge was injured during the course of her employment and rendered a quadriplegic in 1977.  Hodge had a valid Ohio workers' compensation claim, and BWC had been ordered to pay for 16 hours per day of nursing services for Hodge.  The complaint alleged BWC paid appellant for the nursing services

---

[1] The complaint also named the state of Ohio as a defendant; however, the Court of Claims deleted the state from the case caption because its name was surplusage.

she provided Hodge at the caregiver rate of $18.75 per hour. However, the complaint alleged appellant was entitled to the hourly rate for nursing services rendered by an LPN II, which was at least $35.00 per hour. Appellant claimed BWC was obligated to pay her the difference between the hourly rate for nursing services and caregivers for hours she worked in the past, and BWC had to pay her at the nursing services hourly rate in the future. Appellant requested damages in excess of $25,000, an injunction ordering BWC to pay her at the nursing services rate, costs, attorney fees, and such other relief to which she was entitled.

{¶ 3} BWC filed a motion for summary judgment, arguing the doctrines of claim and issue preclusion, i.e., res judicata, barred appellant's claims; appellant opposed the motion. Subsequently, BWC filed a supplement to its motion for summary judgment, arguing the Court of Claims lacked jurisdiction over appellant's claims for various reasons. In 1993, the Industrial Commission of Ohio ("IC") issued a decision finding Hodge was authorized to receive "nursing services in the amount of $18.75 per hour, for 16 hours per day, * * * effective 12/13/93 and to continue per BWC guidelines."[2] (R. 28, 2.) According to BWC, the IC's 1993 decision only entitled Hodge to nursing services at the rate of $18.75 per hour, and that decision had not changed in 20 years despite numerous motions filed by Hodge with the IC and a mandamus action initiated in this court. BWC claimed the relief appellant sought was in the nature of a collateral attack on existing IC orders. However, the Court of Claims lacked appellate jurisdiction and could not overturn an IC decision and order BWC to pay appellant nearly double the rate of pay set by the IC in 1993. In addition, BWC argued the Court of Claims lacked jurisdiction over appellant's claims because those claims only sought equitable relief. Finally, BWC argued that, to the extent appellant suggested BWC had been ordered by a court or IC to compensate her at a higher rate and sought enforcement of those purported orders, such a request would be for a writ of mandamus, which the Court of Claims lacked jurisdiction to issue. Appellant filed a memorandum in opposition to BWC's supplement, arguing she did not seek to overturn any previous orders.

---

[2] In 1995, Hodge obtained a writ of mandamus from this court ordering the IC to amend its order to reflect that the payment for services be effective April 13, 1993. *State ex rel. Hodge v. Hal Glen Invest. Co.*, 10th Dist. No. 94APD05-643 (June 29, 1995) (memorandum decision).

{¶ 4}   The Court of Claims construed BWC's supplement to its motion for summary judgment as a motion for judgment on the pleadings and granted the motion. In granting the motion, the Court of Claims stated in part:

> The gravamen of plaintiff's complaint is that she has been paid at the rate of a caregiver instead of the rate of an LPN II. Plaintiff seeks an order from this court directing the BWC to raise the hourly rate of compensation awarded to Hodge for nursing services, which rate was set by the Industrial Commission in 1993.  Plaintiff essentially argues that BWC has wrongfully withheld wages to which she has been entitled. Although she couches her complaint in a claim for money damages, the court finds that her claim is equitable in nature.
>
> Moreover, "[a]n action in the Court of Claims cannot become a substitute for a statutorily created right of appeal in a different court." *Swaney* [*v. Bur. of Workers' Comp.*, 10th Dist. No. 98AP-299 (Nov. 10, 1998)]. "To hold otherwise would allow the Court of Claims to function as a court of review with the power to overrule an administrative decision by collateral attack.  * * * The Court of Claims lacks such appellate jurisdiction." *George v. Dept. of Human Serv.*, 10th Dist. Franklin No. 04AP-351, 2005-Ohio-2292, ¶ 35.
>
> Based upon the foregoing, the court concludes that plaintiff's claim is one for equitable relief over which this court lacks jurisdiction.

(R. 28, 4-5.)

{¶ 5}   Therefore, the Court of Claims granted BWC's "motion for judgment on the pleadings" and dismissed the complaint.  (R. 28, 5.)  The court denied BWC's initial motion for summary judgment on the basis of res judicata as moot.

## II.  ASSIGNMENT OF ERROR

> The Court of Claims erred when it granted a motion for judgment on the pleadings and dismissed Plaintiff's Complaint.

## III.  DISCUSSION

{¶ 6}   In her sole assignment of error, appellant contends the Court of Claims erred when it granted BWC's motion for judgment on the pleadings and dismissed her complaint.  Appellant characterizes the issue in this case as whether her complaint sought

only equitable relief.  Given appellant's characterization and her arguments on appeal, it is apparent appellant misinterprets the underlying rationale of the Court of Claims' judgment.

{¶ 7}   The Court of Claims found it lacked jurisdiction in this matter for two separate and independent reasons.  First, as appellant challenges in her appeal, the Court of Claims found her claims only sought equitable relief.  However, the Court of Claims also found it lacked jurisdiction to overturn an administrative decision by the IC, so it could not issue an order "directing the BWC to raise the hourly rate of compensation awarded to Hodge for nursing services, which rate was set by the Industrial Commission in 1993." (R. 28, 4.)  We note that the Court of Claims was correct that it generally lacks appellate jurisdiction over administrative decisions.  *George v. Ohio Dept. of Human Servs.*, 10th Dist. No. 04AP-351, 2005-Ohio-2292, ¶ 35.  Regardless, appellant failed to challenge this finding on appeal.[3]  Because a trial court's judgment must stand when only one of two separate and independent reasons for the judgment are challenged on appeal, regardless of the merits of appellant's assigned error, the judgment of the Court of Claims must stand.  *Lee Testing & Eng. Inc. v. Ohio Dept. of Transp.*, 10th Dist. No. 13AP-851, 2014-Ohio-1850, ¶ 7, citing *Roberts v. Columbus City Police Impound Div.*, 195 Ohio App.3d 51, 2011-Ohio-2873, ¶ 17 (10th Dist.).

{¶ 8}   For the foregoing reasons, we overrule the sole assignment of error and affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

SADLER, P.J., and CONNOR, J., concur.

_____

[3] In her brief, appellant states she is "not trying to appeal a worker's compensation claim" or "challenging a decision which could have been appealed but was not." (Appellant's Brief, 11.) However, appellant made these statements as part of her argument that her complaint did not only seek equitable relief.  Appellant did not connect these statements to any argument regarding the Court of Claims' finding that it lacked jurisdiction to overturn an administrative decision.