[Cite as *State ex rel. Manning v. Adult Parole Auth.*, 2016-Ohio-7946.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Charles Manning, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1050 |
| Adult Parole Authority [and] Ohio Department of Rehabilitation and Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

---

D E C I S I O N

Rendered on November 29, 2016

---

**On brief:** *Charles Manning,* pro se.

**On brief:** *Michael DeWine,* Attorney General, and *B. Alexander Kennedy,* for respondents.

---

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1} Relator, Charles Manning, has filed an original action requesting this court to issue a writ of mandamus ordering respondents, the Ohio Adult Parole Authority ("OAPA") and the Ohio Department of Rehabilitation and Correction ("ODRC"), to reinstate his transfer to transitional control, to award him damages for lost wages and punitive damages, and to grant injunctive relief ordering respondents to strictly apply ODRC policy to relator and all applicants in the state's transitional control program.

{¶ 2} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, this matter was referred to a magistrate of this court who issued the appended

decision, including findings of fact and conclusions of law, recommending that this court dismiss relator's action.  Relator has filed pro se objections to the magistrate's decision.

{¶ 3}  Before addressing relator's objections, we note the following procedural background of this action.  On November 17, 2015, relator filed his petition in mandamus against respondents, seeking a writ ordering OAPA to "reinstate his transfer to Transitional Control as granted September 15, 2015 in compliance with [R.C.] 2967.26." (Mandamus Petition at ¶ 48.)  In the petition, relator alleged he was currently an inmate at Marion Correctional Institution, serving an aggregate five-year sentence consisting of a four-year sentence imposed by the Cuyahoga County Court of Common Pleas (case No. CR 10541589), and a one-year sentence imposed by the Lake County Court of Common Pleas (case No. 11CR 000453), with such sentences to be served consecutive to each other.

{¶ 4}  The petition alleged that relator was initially screened and deemed eligible for transitional control status under R.C. 2967.26, which allows OAPA to transfer eligible inmates to a halfway house for the final 180 days of their confinement to participate in employment and/or educational opportunities; further, on September 15, 2015, relator received notification that transitional control had been recommended "pending judicial review."  (Mandamus Petition at ¶ 10.)

{¶ 5}  On September 22, 2015, relator's case manager informed relator that his transfer to transitional control had been denied because the sentencing judge in relator's Lake County case had "vetoed" his participation in the program.  (Mandamus Petition at ¶ 11.)  Relator's parole officer subsequently informed relator that his transfer was denied because his conviction in the Cuyahoga County case "was a serious crime involving a large amount of money."  (Mandamus Petition at ¶ 17.)

{¶ 6}  Relator sent a letter to the director of ODRC on October 9, 2015, protesting the decision revoking and denying his transfer to transitional control "as an illegal abuse of discretion and seeking its reinstatement."  (Mandamus Petition at ¶ 23.)  According to the petition, relator informed his case manager that the sentencing judge in Lake County should not have been notified of his recommendation for transitional control "since judicial notification is required under [R.C.] 2967.26(A)(2) only for those sentenced to a prison term of two years or less and * * * his term was for five years." (Mandamus Petition at ¶ 12.)  Further, with respect to the subsequent stated basis for denial, relator asserted

there was no statutory authority or guideline authorizing respondents to consider the "serious nature" of the crime underlying his prison sentence (imposed in the Cuyahoga County case). (Mandamus Petition at ¶ 44.) Based on the allegation that he was legally entitled to transfer to transitional control, relator requested "the immediate reinstatement of his transfer to Transitional Control as granted on September 15, 2015." (Mandamus Petition at ¶ 41.)

{¶ 7} On February 5, 2016, OAPA filed a motion to dismiss for failure to state a claim for relief under Civ.R. 12(B)(6). In the accompanying memorandum in support, OAPA argued that relator did not have a legal right to transfer to the transitional control program as such program is permissive and discretionary.

{¶ 8} On March 25, 2016, relator filed an amended petition for a writ of mandamus ("amended petition"), in which he re-alleged paragraphs 1 through 48 of his initial petition, and further alleged in part: "Since Relator's filing of his initial Petition for a Writ of Mandamus, it is now apparent that there will not be sufficient time for the Court to hear and rule upon Relator's Petition and order Relator to participate in his applied for Transitional Control program for which he was eligible for participation commencing January 12, 2016." (Am. Petition at ¶ 50.)

{¶ 9} The amended petition alleged that, as a direct and proximate result of respondents' denial of his right to participate in the transitional control program, relator "has sustained damages for lost wages in the amount of $20,000." (Amended Petition at ¶ 52.) Relator further alleged he was "entitled to punitive damages in the amount of $150,000 to prevent further such abuses by Respondent and its personnel." (Am. Petition at ¶ 53.)

{¶ 10} On April 5, 2016, OAPA filed a motion to dismiss the amended petition in mandamus. In the accompanying memorandum in support, OAPA argued that the amended petition, in which relator sought monetary damages against the state, precluded this court from retaining jurisdiction over relator's claims.

{¶ 11} The magistrate issued a decision on May 17, 2016, recommending that this court grant OAPA's motion to dismiss. The magistrate, noting that actions for monetary damages against the state "can only be brought in the Court of Claims of Ohio,"

determined that this court was not the proper forum to consider relator's amended petition for a writ of mandamus. (Mag. Decision at ¶ 34.)

{¶ 12} Relator raises two objections to the magistrate's decision, asserting that: (1) the magistrate should not have dismissed that portion of his petition requesting equitable relief, and (2) the amended petition was properly before this court because, according to relator, a court may award monetary damages against the state in an action for mandamus under R.C. 2731.11.

{¶ 13} We first address relator's claims for equitable and injunctive relief. To the extent relator seeks a writ compelling respondents to reinstate his transfer to transitional control as granted September 15, 2015, such claim is moot. As noted under the facts, relator averred in his amended petition: "Since Relator's filing of his initial Petition for a Writ of Mandamus, it is now apparent that there will not be sufficient time for the Court to hear and rule upon Relator's Petition and order Relator to participate in his applied for Transitional Control program for which he was eligible for participation commencing January 12, 2016." (Am. Petition at ¶ 50.)

{¶ 14} Thus, based on the allegations in his amended petition, relator's claims for equitable and injunctive relief are moot as this court is unable to grant the relief he seeks (i.e., to rule on his petition in time for him to participate in the transitional control program during the final 180 days of his incarceration for which his eligibility commenced on January 12, 2016). *See Berger v. Cuyahoga Cty. Bar Assn.,* 983 F.2d 718, 724 (6th Cir.1993) (noting that " '[m]ootness results when events occur during the pendency of the litigation which render the court unable to grant the requested relief.' * * * Nothing remains to be enjoined or declared improper"). Because relator's claims for equitable and injunctive relief as pertaining to his eligibility for transitional control are moot, the magistrate did not err in failing to grant mandamus relief.

{¶ 15} To the extent relator seeks injunctive relief on behalf of "all persons" applying for transitional control, such claim fails as relator, a non-attorney pro se litigant, lacks standing to assert claims on behalf of other detainees. *See, e.g., Studer v. Fisher,* 3d Dist. No. 1-88-8 (Nov. 27, 1989) (plaintiff is limited to representing his interests only as a pro se litigant); *Hamilton v. Ohio Dept. of Health,* 10th Dist. No. 14AP-1035, 2015-Ohio-4041, ¶ 29.

{¶ 16} Under his remaining objection, relator purports to seek monetary relief under R.C. 2731.11, which provides for the recovery of damages by a relator for whom judgment is rendered in a mandamus proceeding. Even assuming, without deciding, the validity of relator's premise that an action under R.C. 2731.11 is applicable against the state, "R.C. 2731.11 provides for damages only where a writ of mandamus is rendered for the plaintiff." *Berger v. Cleveland,* 8th Dist. No. 67735 (Mar. 30, 1995). *See also State ex rel. Natl. City Bank v. Maloney,* 103 Ohio St.3d 93, 2004-Ohio-4437, ¶ 13 (construing R.C. 2731.11 to hold that "[a] writ of mandamus must be granted before a claim for damages may be considered"). Having determined that relator's claims for equitable and injunctive relief have become moot, thereby precluding relief in mandamus, this court is without jurisdiction to consider relator's claim for damages under R.C. 2731.11. *See Berger v. Cleveland* (Since requested writ would not issue because subject was moot, court lacked jurisdiction to hear appellant's claim for damages under R.C. 2731.11.).

{¶ 17} Accordingly, relator's objections are not well-taken and are overruled.

{¶ 18} Based on this court's independent review of the record, we adopt the magistrate's findings of fact, but we modify the conclusions of law to the extent provided in this decision; relator's objections are overruled, OAPA's motion to dismiss is granted, and this action is hereby dismissed.

*Objections overruled; motion to dismiss granted; action dismissed.*

KLATT and SADLER, JJ., concur.

_____

[Cite as *State ex rel. Manning v. Adult Parole Auth.*, 2016-Ohio-7946.]

# APPENDIX

## IN THE COURT OF APPEALS OF OHIO

## TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio ex rel. Charles Manning, | : | |
| Relator, | : | |
| v. | : | No. 15AP-1050 |
| Adult Parole Authority [and] Ohio Department of Rehabilitation & Correction, | : | (REGULAR CALENDAR) |
| | : | |
| Respondents. | : | |

## M A G I S T R A T E ' S   D E C I S I O N

### Rendered on May 17, 2016

*Charles Manning,* pro se.

*Michael DeWine,* Attorney General, and *B. Alexander Kennedy,* for respondents.

### IN MANDAMUS
### ON RESPONDENTS' MOTION TO DISMISS

{¶ 19} Relator, Charles Manning, has filed this original action requesting that this court issue a writ of mandamus ordering respondents, the Ohio Adult Parole Authority and the Ohio Department of Rehabilitation and Correction ("ODRC") to reinstate his transfer to transitional control and further, he seeks "damages for lost wages in the amount of $20,000," "punitive damages in the amount of $150,000," as well as injunctive relief ordering respondent to strictly apply ODRC policy to relator and all other applicants in the transitional control program.

Findings of Fact:

{¶ 20} 1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 21} 2. Relator filed this mandamus action on November 17, 2015.

{¶ 22} 3. At the same time, relator filed a motion for expedited hearing.

{¶ 23} 4. A magistrate was appointed on November 18, 2015, and relator's motion for an expedited hearing was denied on November 20, 2015.

{¶ 24} 5. Service was eventually completed on both respondents on January 12, 2016.

{¶ 25} 6. On January 13, 2016, counsel for respondents requested an extension of time in which to file its answer or otherwise plead and, in an order filed January 19, 2016, respondents were granted until February 5, 2016.

{¶ 26} 7. On February 5, 2016, respondents filed a motion to dismiss.

{¶ 27} 8. On February 25, 2016, relator requested a motion for an extension of time to respond and was granted until March 7, 2016.

{¶ 28} 9. On March 18, 2016, relator filed a request for production of documents.

{¶ 29} 10. On March 25, 2016, relator filed an amended petition in which he seeks monetary damages.

{¶ 30} 11. On April 5, 2016, counsel for respondents filed a motion to dismiss on grounds that this court did not have jurisdiction over relator's amended petition.

{¶ 31} 12. Relator has not filed a response to respondents' motion to dismiss.

{¶ 32} 13. The matter is currently before the magistrate on respondents' motion to dismiss.

Conclusions of Law:

{¶ 33} For the reasons that follow, it is the magistrate's decision that this court should grant respondents' motion and dismiss relator's petition for a writ of mandamus.

{¶ 34} Actions for monetary damages against the state, its officers, and employees can only be brought in the Court of Claims of Ohio. Under the Court of Claims Act, R.C. Chapter 2743, the state waives its immunity from liability and agrees to be sued only in

the Court of Claims, giving that court exclusive original jurisdiction of all civil actions against the state which are permitted by the state's waiver of immunity. *See* R.C. 2743.02(A)(1).

{¶ 35} Because jurisdiction is a condition precedent to a court's ability to hear a case and because the Court of Claims has exclusive original jurisdiction over this case, this court is not the proper forum to consider relator's amended petition for a writ of mandamus.

{¶ 36} Finding that this court does not have jurisdiction, it is this magistrate's decision that this court should grant respondents' motion and dismiss relator's petition.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).