[Cite as *Vos v. Ohio Environmental Protection Agency*, 2018-Ohio-2956.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Donald L. Vos et al., | : | |
| Plaintiffs-Appellants, | : | |
| | | No. 17AP-749 |
| v. | : | (Ct. of Cl. No. 2017-552) |
| Ohio Environmental Protection Agency, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on July 26, 2018

**On brief:** *Donald L. Vos*, pro se, and *Dennis Scott Wallace*, pro se. **Argued:** *Donald L. Vos.*

**On brief:** *Mike DeWine*, Attorney General, and *Christopher Conomy*, for appellee. **Argued:** *Christopher P. Conomy.*

APPEAL from the Court of Claims of Ohio

KLATT, J.

{¶ 1} Plaintiffs-appellants, Donald L. Vos and Dennis Scott Wallace, appeal a judgment of the Court of Claims of Ohio that dismissed appellants' complaint against defendant-appellee, the Ohio Environmental Protection Agency ("the agency"). For the following reasons, we affirm.

{¶ 2} Appellants filed a suit against the agency and its directors past and present on June 20, 2017. In the complaint, appellants alleged that the agency failed and refused to abide by its own rules in granting operational permits for the landfill in Negley, Ohio, and to conduct required inspections of that dump. They contended that the agency had

knowledge and covered up the fact that material from New York and New Jersey containing blood and body parts from the 911 terrorist attack was being placed in the landfill. According to appellants, the agency also prohibited the Columbiana County Health Board from conducting inspections of the landfill. Based on these alleged facts, appellants claimed that the agency's refusal to hold the Negley landfill to the written rules caused damage to their property. They requested $10,000 in damages and that the agency pay the cost to dig up the material in the Negley landfill, to test it for blood and body parts, and to turn the Negley landfill into "a grave site for those buried there as common garbage."

{¶ 3} A magistrate for the trial court dismissed the directors past and present of the agency pursuant to R.C. 2743.02(E) which provides that the state shall be the only defendant in the Court of Claims. The agency then filed a motion to dismiss pursuant to Civ.R. 12(B)(6) for failure to state a claim for relief. Appellants opposed the motion.

{¶ 4} In a September 27, 2017 judgment entry, the trial court granted the agency's motion and dismissed the case. The Court of Claims found that appellants could not recover for a cause of action that alleged the agency failed to enforce its own rules and regulations. It also found that any claim for relief that may be construed from the complaint would involve the performance or nonperformance of a public duty. Because the complaint did not set forth facts to establish the "special relationship" exception to the public duty rule, the trial court concluded that the agency was entitled to immunity.

{¶ 5} Appellants filed a notice of appeal on October 20, 2017. The Ohio Rules of Appellate Procedure require that an "appellant shall include in its brief, under the headings and in the order indicated * * * [a] statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected," and a "statement of the issues presented for review, with references to the assignments of error to which each issue relates." App.R. 16(A)(3) and (4). Appellants' amended brief does not satisfy either of these requirements. Nevertheless, in the interest of justice, we will address the assertions appellants make in their brief, to the extent possible.

{¶ 6} The Court of Claims dismissed appellants' complaint pursuant to Civ.R. 12(B)(6). A motion to dismiss for failure to state a claim upon which relief can be granted tests the sufficiency of the complaint. *Volbers-Klarich v. Middletown Mgt., Inc.*, 125 Ohio St.3d 494, 2010-Ohio-2057, ¶ 11. A trial court may not rely on allegations or evidence

outside the complaint. *State ex rel. Fuqua v. Alexander*, 79 Ohio St.3d 206, 207 (1997). In construing a complaint upon a Civ.R. 12(B)(6) motion, a court must presume that all factual allegations in the complaint are true and make all reasonable inferences in the plaintiffs favor. *Volbers-Klarich* at ¶ 12; *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14. " '[A]s long as there is a set of facts, consistent with the plaintiff's complaint, which would allow the plaintiff to recover, the court may not grant a defendant's motion to dismiss.' " *Cincinnati v. Beretta U.S.A. Corp.*, 95 Ohio St.3d 416, 2002-Ohio-2480, ¶ 5, quoting *York v. Ohio State Hwy. Patrol*, 60 Ohio St.3d 143, 144 (1991). The trial court does not, however, accept as true any unsupported and conclusory legal propositions advanced in the complaint. *Morrow v. Reminger & Reminger Co., L.P.A.*, 183 Ohio App.3d 40, 2009-Ohio-2665, ¶ 17 (10th Dist.). Appellate review of a trial court's decision to dismiss a claim pursuant to Civ.R. 12(B)(6) is de novo. *Ohio Bur. of Workers' Comp. v. McKinley*, 130 Ohio St.3d 156, 2011-Ohio-4432, ¶ 12.

{¶ 7} Appellants do not directly address the decision of the Court of Claims. Instead, they state that the director of the agency had a duty to abide by all rules under which the agency acts and that the director willfully and wantonly failed and refused to do so. Appellants allege that the agency allowed the dumping of human blood and body parts in the Negley landfill. They contend that the agency and its director are liable for the violation of the agency's rules and for the taking of stream waters allegedly damaged by the dumping of human blood and body parts.

{¶ 8} Initially, we note that appellants appear to argue that the agency's director should not have been dismissed. Appellants, however, did not include the June 21, 2017 entry dismissing the director in their notice of appeal. Regardless, pursuant to R.C. 2743.02(E), only state agencies and instrumentalities can be defendants in original actions in the Court of Claims. Also, appellants appear to argue that the agency is liable for a taking of groundwater. The complaint does not present a claim for a taking nor does it contain an allegation that the agency was operating the Negley landfill or dumping blood and body parts into the landfill. Therefore, these arguments are not well-taken.

{¶ 9} The Court of Claims determined that appellants' complaint failed to state a viable claim because the agency's alleged failure to enforce environmental statutes or rules does not create a private cause of action and because the agency is immune from claims

alleging the performance or nonperformance of a public duty in the absence of a special relationship. We agree.

{¶ 10} When the state waived its sovereign immunity in R.C. 2743.02, it also limited its amenability to suit. R.C. 2743.02(A)(1) provides that the state may be sued in the Court of Claims "in accordance with the same rules of law applicable to suits between private parties." This language does not create a new cause of action against the state, but rather, places the state on the same level as any private party. *McCord v. Div. of Parks and Recreation*, 54 Ohio St.2d 72, 74 (1978). "Thus, a plaintiff may not pursue an action against the state if he or she could not pursue the same action against a private party." *Cardi v. State*, 10th Dist. No. 12AP-15, 2012-Ohio-6157, ¶ 13, citing *Bell v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. No. 10AP-920, 2011-Ohio-6559, ¶ 22; *Henneke v. Ohio Dept. of Ins.*, 10th Dist. No. 11AP-254, 2011-Ohio-5366, ¶ 8. When a complaint seeks recovery purely for a statutory violation, no action will lie against the state unless the statute in question provides for a private cause of action. *See Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, ¶ 37.

{¶ 11} In their complaint, appellants seek damages for the agency's alleged failure to enforce its own rules with regard to inspecting and granting operational permits to the Negley landfill. Regulatory rules, however, do not create a private right of action. *See Chambers v. St. Mary's School*, 82 Ohio St.3d 563 (1998). In the absence of statutory authority for a private cause of action, appellants have not pled a viable cause of action for money damages against the state.

{¶ 12} In addition, the Court of Claims found that the agency was entitled to immunity pursuant to the public duty doctrine. R.C. 2743.02(A)(3)(a) provides that "the state is immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty." "Public duty" includes any statutory or regulatory duty involving permitting, certifying, licensing, inspecting, or monitoring activity. R.C. 2743.01(E). The immunity for the performance or nonperformance of a public duty, however, does not apply when a special relationship has been established between the state and an injured party. R.C. 2743.02(A)(3)(b). A special relationship is established if all the following elements exist:

(i) An assumption by the state, by means of promises or actions, of an affirmative duty to act on behalf of the party who was allegedly injured;

(ii) Knowledge on the part of the state's agents that inaction of the state could lead to harm;

(iii) Some form of direct contact between the state's agents and the injured party;

(iv) The injured party's justifiable reliance on the state's affirmative undertaking.

R.C. 2743.02(A)(3)(b)(i) through (iv).

{¶ 13} In their complaint, appellants alleged that the agency failed to abide by its own rules when it granted operational permits for the Negley landfill and failed to perform required inspections on the landfill. The activities of permitting and inspecting fall squarely within the definition of "public duty." Appellants do not allege, however, that they have a special relationship with the agency. None of the factual allegations in the complaint support any of the elements of the special relationship exception to immunity. Without an allegation of a special relationship, the agency is entitle to immunity as a matter of law for the performance or nonperformance of a public duty. Consequently, appellants' complaint fails to allege a claim upon which relief could be granted. Thus, the Court of Claims correctly dismissed the complaint.

{¶ 14} For the foregoing reasons, we affirm the judgment of the Court of Claims of Ohio.

*Judgment affirmed.*

TYACK and DORRIAN, JJ., concur.

————————————