[Cite as *Benick v. Dept. of Agriculture*, 2019-Ohio-5469.]

| BRIAN L. BENICK | Case No. 2018-01543JD |
|---|---|
| Plaintiff | Judge Patrick M. McGrath<br>Magistrate Robert Van Schoyck |
| v. | |
| DEPARTMENT OF AGRICULTURE | <u>ENTRY GRANTING DEFENDANT'S</u><br><u>MOTION FOR JUDGMENT ON THE</u><br><u>PLEADINGS</u> |
| Defendant | |

{¶1} On November 20, 2019, defendant filed a motion for judgment on the pleadings pursuant to Civ.R. 12(C). Plaintiff did not file a response.

{¶2} "Civ.R. 12(C) may be employed by a defendant as a vehicle for raising the several defenses contained in Civ.R. 12(B) after the close of the pleadings. * * * Pursuant to Civ.R. 12(C), the pleadings must be construed liberally and in a light most favorable to the party against whom the motion is made along with the reasonable inferences drawn therefrom. * * * A Civ.R. 12(C) motion presents only questions of law, and it may be granted only when no material factual issues exist, and the movant is entitled to a judgment as a matter of law." *Burnside v. Leimbach*, 71 Ohio App.3d 399, 402-403, 594 N.E.2d 60 (10th Dist.1991).

{¶3} Defendant's motion raises the defenses contained in Civ.R. 12(B)(1) and (6). "The standard of review for a dismissal pursuant to Civ.R. 12(B)(1) is whether any cause of action cognizable by the forum has been raised in the complaint." *State ex rel. Bush v. Spurlock*, 42 Ohio St.3d 77, 80, 537 N.E.2d 641 (1989). "In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ.R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery." *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), syllabus.

{¶4} According to the complaint and documents attached thereto, plaintiff was formerly employed with the Morrow County Health Department as Director of Environmental Health. Plaintiff seeks $50,000,000 in damages arising from allegations

that defendant's "Food Safety Division forces local health departments to violate state laws and state rules." (Complaint, ¶ 12, 14.) The complaint provides that such violations have "occurred for years" throughout the state and "specifically in Morrow Co. since 7/28/16". (Id., ¶ 10-11.) On that date, July 28, 2016, defendant notified the Morrow County Health Department that its Retail Food Establishment Licensing and Inspection Program would be classified as "provisional" due to several deficiencies that defendant found while conducting a survey of the program pursuant to R.C. 3717.11 and Ohio Adm.Code 901:3-4-17, according to an attachment to the complaint.

{¶5} Plaintiff, who disagreed with the results of that survey, claims that defendant "forces [local health districts] to require food-related businesses to install equipment not specified in rules" and "forced [the Morrow County Health Department] to close Amish businesses, violating the Ohio Supreme Court deliberately." (Id., ¶ 12.) According to plaintiff:

> [defendant] regularly exceeds their authority, forcing [local health districts] to document huge numbers of violations, when it is the local health departments' authority to determine what constitutes a violation. [Defendant] deliberately ignores the lawful definitions of "food service operation" and "retail food establishment" to force [local health districts] to provide money to [defendant] that lawfully is required to go to [the Ohio Department of Health].

(Id.) Plaintiff asserts that he has "taken every possible action to avoid being forced to violate state laws + rules. My supervisor, my subordinate, MCHD board of health, [defendant] and local health departments have all interferred [sic] with my efforts, forced me to violate state laws + rules, and resulting in my termination." (Id., ¶ 13.)

{¶6} As defendant notes in its motion for judgment on the pleadings, the complaint does not identify any specific cause of action. The gravamen of the complaint aims to challenge what plaintiff claims are violations of defendant's statutory

responsibilities to survey retail food establishment programs administered by boards of health throughout the state.  Basically, plaintiff contends that defendant has exceeded its authority in performing these surveys or otherwise exercising its regulatory or supervisory duties and has misapplied applicable laws and regulations.  Defendant argues, however, that such allegations do not support a claim upon which relief can be granted in this court.  The court agrees.

{¶7}    "The Court of Claims Act, effective January 1, 1975, waived the state's sovereign immunity and established the Court of Claims * * *."  *Keller v. Dailey*, 124 Ohio App.3d 298, 302, 706 N.E.2d 28 (10th Dist.1997).  "The court of claims has exclusive, original jurisdiction over civil actions against the state for money damages that sound in law."  *Young v. Ohio State Univ. Hosps.*, 2017-Ohio-2673, 90 N.E.3d 234, ¶ 13 (10th Dist.), citing R.C. 2743.03(A)(1).  "While the state waived its sovereign immunity in R.C. 2743.02, the state also limited its amenability to suit."  *Cardi v. Dept. of Commerce*, 10th Dist. Franklin No. 12AP-15, 2012-Ohio-6157, ¶ 13.  "R.C. 2743.02 limits actions brought in the Court of Claims to those which could be brought between private parties."  *Peters v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 03AP-350, 2003-Ohio-5895, ¶ 13; *see also Henneke v. Ohio Dept. of Ins.*, 10th Dist. Franklin No. 11AP-254, 2011-Ohio-5366, ¶ 8.  "Thus, suits against the state are inherently limited by the type of action asserted against it; if the cause of action is not cognizable as between private parties, then there can likewise be no state liability.  For instance, actions * * * that do not sound in tort but seek recovery purely for a statutory violation will not necessarily lie against the state—particularly if the statute in question provides no private right of action."  *Wallace v. Ohio Dept. of Commerce*, 96 Ohio St.3d 266, 2002-Ohio-4210, 773 N.E.2d 1018, ¶ 37.

{¶8}    Plaintiff seeks to recover damages based on defendant's alleged failure to abide by its statutory and regulatory responsibilities with regard to surveying retail food establishment programs administered by boards of health.  Plaintiff has not

demonstrated, however, that the applicable statutes or regulations create a private right of action.  In the absence of a statutory basis for this lawsuit, plaintiff does not have a viable claim for money damages against the state.  *See Vos v. Ohio Environmental Protection Agency*, 10th Dist. Franklin No. 17AP-749, 2018-Ohio-2956, ¶ 11.

{¶9}  Defendant also argues that even if plaintiff's complaint could be interpreted to state a cognizable claim for relief, defendant is immune from liability since any such claim would involve defendant's performance or nonperformance of a "public duty."  "Generally, the state is 'immune from liability in any civil action or proceeding involving the performance or nonperformance of a public duty.'"  *Lawrence v. Meridian Senior Living, L.L.C.*, 2016-Ohio-8500, 79 N.E.3d 1158, ¶ 8 (10th Dist.), quoting R.C. 2743.02(A)(3)(a).  As defined in R.C. 2743.01(E)(1), "'[p]ublic duty' includes, but is not limited to, any statutory, regulatory, or assumed duty concerning any action or omission of the state involving any of the following: (a) Permitting, certifying, licensing, inspecting, investigating, supervising, regulating, auditing, monitoring, law enforcement, or emergency response activity * * *."

{¶10}  Pursuant to R.C. 3717.11, defendant has a duty to conduct surveys of boards of health "for the purpose of determining whether the board is qualified and has the capacity to administer and enforce this chapter and the rules adopted under it and to abide by the Ohio uniform food safety code."  As a matter of law, this supervisory duty on the part of defendant is owed to the general public rather than any particular individual and defendant is therefore immune from liability in any civil action involving the performance or nonperformance of such duty, pursuant to the public duty rule set out in R.C. 2743.02(A)(3)(a).  *See Benick v. Dept. of Health*, Ct. of Cl. No. 2018-01165JD, 2019-Ohio-3693, ¶ 13 (involving duty to survey health districts under R.C. 3718.07).  Moreover, the complaint does not put forth factual allegations sufficient to establish the "special relationship" exception to the public duty rule under

R.C. 2743.02(A)(3)(b).   *See Estate of Tokes v. Dept. of Rehab. & Corr.*, 10th Dist. Franklin No. 18AP-723, 2019-Ohio-1794, ¶ 36-37.

{¶11}   Finally, to the extent that the complaint may be construed as a collateral attack upon defendant's administrative determination under R.C. 3717.11 and Ohio Adm.Code 901:3-4-17, the court of claims "generally lacks appellate jurisdiction over administrative decisions."  *Hulbert v. Ohio Bur. of Workers' Comp.*, 10th Dist. Franklin No. 14AP-374, 2014-Ohio-3937, ¶ 7.   And, with respect to plaintiff's claim that defendant violated the rights of the Amish, ordinarily a non-attorney pro se litigant may only represent his or her own legal interests.  *See Hamilton v. Ohio Dept. of Health*, 2015-Ohio-4041, 42 N.E.3d 1261, ¶ 29 (10th Dist.); *State ex rel. Manning v. Adult Parole Auth.*, 10th Dist. Franklin No. 15AP-1050, 2016-Ohio-7946, ¶ 15.

{¶12}  Based upon the foregoing, defendant's motion for judgment on the pleadings is GRANTED and judgment is rendered in favor of defendant.  All previously scheduled events are VACATED.  Court costs are assessed against plaintiff.  The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

PATRICK M. MCGRATH
Judge

**Filed December 30, 2019**
**Sent to S.C. Reporter 1/24/20**