THE STATE EX REL. HODGE, APPELLANT, *v.* RYAN, ADMR., APPELLEE.

[Cite as *State ex rel. Hodge v. Ryan,* 131 Ohio St.3d 357, 2012-Ohio-999.]

*Workers' compensation—Mandamus sought to compel Bureau of Workers' Compensation to increase wage of caretaker—Failure to exhaust administrative remedies—Court of appeals' judgment affirmed.*

(No. 2010-1681—Submitted January 3, 2012—Decided March 14, 2012.)

APPEAL from the Court of Appeals for Franklin County, No. 09AP-412.

_____

**Per Curiam**.

{¶ 1} Appellant, Peggy Hodge, seeks to compel appellee, the administrator of the Bureau of Workers' Compensation, to pay Vicki Hulbert, a licensed practical nurse, higher wages for the in-home care that Hulbert provides to her. Hulbert has helped care for Hodge, a quadriplegic, for decades. In 1993, the Industrial Commission of Ohio set Hulbert's hourly rate of pay for Hodge's care at $18.75, which was the maximum amount permitted under the agency's guidelines for a licensed practical nurse, absent special circumstances.

{¶ 2} Fourteen years later, Hodge asked the commission to increase Hulbert's hourly rate to $30. On January 29, 2008, a staff hearing officer ("SHO") determined that he had no jurisdiction to order an increase because amendments to the Ohio Administrative Code had transferred nursing-service oversight to the bureau. This order apparently was never appealed.

{¶ 3} A few months later, Hodge again moved the commission to increase Hulbert's wages. A district hearing officer ("DHO") dismissed the motion on jurisdictional grounds, citing the January 29, 2008 SHO order. On September 16, 2008, a different SHO affirmed the DHO's order, and again Hodge did not appeal.

**{¶ 4}** After twice failing to convince the commission to grant Hulbert a wage increase, Hodge sought a writ of mandamus against the bureau. Hodge cited the 1993 commission order that originally set Hulbert's hourly rate pursuant to a licensed-practical-nurse schedule and accused the bureau of paying Hulbert at a lower unskilled-caregiver rate. The Court of Appeals for Franklin County denied the writ after finding, among other things, that Hodge's failure to appeal the January 29, 2008 and September 16, 2008 SHO orders constituted a failure to exhaust her available administrative remedies.

**{¶ 5}** Hodge now appeals to this court as of right.

**{¶ 6}** The record before us is minimal and leaves perplexing questions unanswered. We do not know why Hodge, rather than Hulbert, initiated proceedings to secure higher wages for Hulbert. We also do not find any evidence that Hodge ever formally moved the bureau for an increase, particularly after the January 29, 2008 order specifically stated that it was the bureau, not the commission, that had jurisdiction over the matter. In any event, Hodge pursued the matter with the commission and twice failed to appeal orders adverse to her. It is well settled that mandamus will not issue when an individual has a plain and adequate remedy in the ordinary course of law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28, 451 N.E.2d 225 (1983). Administrative remedies are plain and adequate remedies that preclude mandamus. *State ex rel. Buckley v. Indus. Comm.*, 100 Ohio St.3d 68, 2003-Ohio-5072, 796 N.E.2d 522. Hodge could have appealed the 2008 SHO orders to the commission but did not. The court of appeals was therefore correct in denying the writ.

**{¶ 7}** The judgment of the court of appeals is affirmed.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, LUNDBERG STRATTON, O'DONNELL, LANZINGER, CUPP, and MCGEE BROWN, JJ., concur.

_____

Livorno & Arnett Co., L.P.A., and John F. Livorno, for appellant.

Michael DeWine, Attorney General, and Stephen D. Plymale, Assistant Attorney General, for appellee.

_____