THE STATE EX REL. BAKER ET AL., APPELLANTS, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. Baker v. Indus. Comm.*, 143 Ohio St.3d 56, 2015-Ohio-1191.]

(No. 2014–0108—Submitted February 3, 2015—Decided April 1, 2015.)

**Per Curiam.**

{¶ 1} Relators-appellants, Karen Baker and her counsel, Schiavoni, Schiavoni, Bush & Muldowney Co., L.P.A. ("the Schiavoni firm" or "the law firm"), appeal the judgment of the Tenth District Court of Appeals denying their request for a writ of mandamus to compel appellee the administrator of the Bureau of Workers' Compensation to pay legal fees to the Schiavoni firm out of Baker's permanent-partial-disability-compensation award.

{¶ 2} Because the Schiavoni firm has no clear legal right to have the bureau pay its fees out of the award and the bureau has no clear legal duty to pay the attorney fees, the court of appeals denied the writ. We affirm.

*Facts*

{¶ 3} Baker was injured at work in 1995. Her workers' compensation claim was allowed for both physical and psychological injuries. She received temporary-total-disability compensation for a period of years.

{¶ 4} In 2008, following an investigation, the bureau filed a motion with appellee Industrial Commission asking for the declaration of an overpayment of

temporary-total-disability benefits to Baker for the period January 1, 2002, through November 15, 2007. The bureau's investigation revealed that Baker had been working and had concealed her employment from the bureau in order to receive benefits that she should not have received.

{¶ 5} The commission granted the motion and ordered that $63,479.77 be recouped pursuant to the fraud provisions in R.C. 4123.511(K).

{¶ 6} In March 2010, Baker, represented by an attorney with the Schiavoni firm, filed an application for an increase in her permanent-partial-disability compensation. The bureau found that she was entitled to a substantial increase in the percentage of her disability, and awarded a total amount of $24,649.50. The bureau eventually credited that entire award to reduce the overpayment balance.

{¶ 7} The Schiavoni firm filed a motion with the bureau for payment of its attorney fees in the amount of $8,216.50 for representing Baker in the successful recovery of the award. The bureau referred the motion to the commission for adjudication of what was initially interpreted to be an attorney-client fee dispute. However, a district hearing officer concluded that there was no "fee dispute" pursuant to R.C. 4123.06 and Ohio Adm.Code 4121-3-24 between the claimant and the law firm for adjudication. Rather, the hearing officer determined that the motion sought to invoke the commission's continuing jurisdiction to review the bureau's decision to apply all of the permanent-partial-disability award to the overpayment.

{¶ 8} Following another hearing, the full commission determined that it lacked jurisdiction to resolve a fee dispute between a claimant's counsel and the bureau and lacked jurisdiction to order the bureau to pay the attorney fees sought. The commission accordingly denied the law firm's motion.

{¶ 9} Baker filed a complaint in mandamus against the commission in the court of appeals. She later amended her complaint to add the law firm as a relator and the administrator of the bureau as a respondent. The matter was referred to a magistrate, who determined that the writ should be denied because the law firm has no clear legal right to receive payment of the attorney fees from the bureau and the bureau has no clear legal duty to pay the fees.

{¶ 10} In a split decision, the court of appeals adopted the magistrate's findings of fact and conclusions of law and denied the writ. The court concluded that the bureau may withhold compensation that would otherwise be paid to a claimant in order to recover overpayments that were obtained by fraud and that in the circumstances of this case, the bureau is not obligated to pay the law firm's fees out of the award. In addition, the court agreed with the commission's determination that it lacks jurisdiction to adjudicate a fee dispute between the law firm and the bureau.

{¶ 11} This matter is before the court on the appeal as of right of Baker and the Schiavoni firm.

*Legal Analysis*

{¶ 12} To be entitled to an extraordinary remedy in mandamus, relators must establish a clear legal right to the relief requested, a clear legal duty on the part of the commission and/or bureau to provide the relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Gen. Motors Corp. v. Indus. Comm.,* 117 Ohio St.3d 480, 2008-Ohio-1593, 884 N.E.2d 1075, ¶ 9. Relators must prove entitlement to the writ by clear and convincing evidence. *State ex rel. Doner v. Zody,* 130 Ohio St.3d 446, 2011-Ohio-6117, 958 N.E.2d 1235, paragraph three of the syllabus.

{¶ 13} Relators seek a writ of mandamus to compel the bureau to pay the attorney fees to the law firm from the permanent-partial-disability award. Relying on Ohio Adm.Code 4123–3–10(A)(6) and Joint Resolution No. R83–6–105, which was issued by the commission and the bureau on December 15, 1983, they allege that Baker authorized the bureau to forward any award she obtained to her attorney so that her attorney could retain the amount of attorney fees that she had agreed to pay and, thus, the bureau has a clear duty to pay the attorney fees. In addition, the law firm alleges that it has a lien on a portion of the award and that it was not lawful for the bureau to include the law firm's portion of the award in the recoupment of the overpayment.

{¶ 14} Relators' arguments lack merit.

{¶ 15} Neither provision relied on by relators imposes a duty on the bureau to pay the attorney fees in the situation here. Ohio Adm.Code 4123–3–10(A)(6) permits parties other than the claimant to pick up checks issued by the bureau if the claimant executes an authorization by a power of attorney. Joint Resolution No. R83–6–105 established procedures to clarify the operation of Ohio Adm.Code 4123–3–10(A)(6).

{¶ 16} Relators maintain that Baker executed this authorization and that it was filed along with the application to increase her permanent-partial-disability compensation, that she therefore authorized the bureau to forward any award generated to her counsel, and that this imposed a duty on the bureau to pay the law firm's fees from the award. Relators' argument fails.

{¶ 17} Ohio Adm.Code 4123–3–10(A)(6) does not impose a duty on the bureau to pay the attorney fees when the bureau was previously ordered to recoup an overpayment of compensation obtained by fraud. Baker's application for increased compensation and her authorization pursuant to Ohio Adm.Code 4123–3–10(A)(6) do not establish otherwise. Moreover, although R.C. 3121.0311 and Ohio Adm.Code 4123–3–10(A)(8) provide for the payment of attorney fees when the

claimant is an obligor for child-support payments, that is not the case here, and those provisions are inapplicable.

{¶ 18} Next, relators maintain that the law firm has a lien on a portion of the permanent-partial-disability award and that it was not lawful for the bureau to include the law firm's portion in the amount of the overpayment recouped. According to relators, the claim for attorney fees has priority over other claims. *See, e.g., Cohen v. Goldberger*, 109 Ohio St. 22, 141 N.E. 656 (1923), paragraphs one and two of the syllabus.

{¶ 19} R.C. 4123.511(K) provides that the bureau may use any lawful means to recover compensation that has been paid to a person who was not entitled to the compensation due to fraud. Relators point to no language in the statute that would obligate the bureau to pay the law firm's fees out of the claimant's award in these circumstances. In addition, the compensation awarded to Baker was "exempt from all claims of creditors and from any attachment or execution." R.C. 4123.67. Finally, the cases relators rely on involved court judgments and claims based on quantum meruit. Those cases do not apply here.

{¶ 20} This is a fee dispute between the law firm and the bureau. The commission has no jurisdiction to adjudicate a fee dispute of this type. Furthermore, relators seek to place a duty on the bureau that does not exist in law and cannot be enforced through mandamus. "[T]he creation of the legal duty that a relator seeks to enforce is the distinct function of the *legislative branch of government*, and courts are not authorized to create the legal duty enforceable in mandamus." (Emphasis sic.) *State ex rel. Pipoly v. State Teachers Retirement Sys.*, 95 Ohio St.3d 327, 2002-Ohio-2219, 767 N.E.2d 719, ¶ 18; *State ex rel. Woods v. Oak Hill Community Med. Ctr., Inc.*, 91 Ohio St.3d 459, 461, 746 N.E.2d 1108 (2001); *State ex rel. Stanley v. Cook*, 146 Ohio St. 348, 66 N.E.2d 207 (1946), paragraph eight of the syllabus. Relators have failed to demonstrate that they have a clear legal right to the relief requested or that the bureau has a clear duty to pay the fees.

{¶ 21} Moreover, a writ of mandamus will not be issued if the relator has available a plain and adequate remedy in the ordinary course of the law. R.C. 2731.05; *State ex rel. Hodge v. Ryan*, 131 Ohio St.3d 357, 2012-Ohio-999, 965 N.E.2d 280, ¶ 6. To the extent that the law firm has an adequate remedy available in the form of pursuing a claim against Baker based on the fee agreement that she executed, mandamus will not lie. *See State ex rel. Stanley* at 367.

{¶ 22} We affirm the judgment of the court of appeals.

Judgment affirmed.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, FRENCH, and O'NEILL, JJ., concur.

Schiavoni, Schiavoni, Bush & Muldowney Co., L.P.A., and Shawn R. Muldowney, for appellants.

Michael DeWine, Attorney General, and Kevin J. Reis, Assistant Attorney General, for appellee Industrial Commission.

Michael DeWine, Attorney General, and John R. Smart, Assistant Attorney General, for appellee Administrator, Bureau of Workers' Compensation.