[Cite as *Hulbert v. Buehrer*, 2017-Ohio-844.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Vickie Hulbert, | : | |
| Plaintiff-Appellant, | : | |
| | | No. 16AP-474 |
| v. | : | (C.P.C. No. 15CV-4661) |
| Steve Buehrer, Administrator | : | (REGULAR CALENDAR) |
| Ohio Bureau of Workers' | | |
| Compensation et al., | : | |
| Defendants-Appellees. | : | |

D E C I S I O N

Rendered on March 9, 2017

**On brief:** *Livorno and Arnett Co., LPA*, and *Henry A. Arnett*, for appellant.

**On brief:** *Michael DeWine*, Attorney General, and *Cheryl J. Nester*, for appellees. **Argued:** *Cheryl J. Nester*.

APPEAL from the Franklin County Court of Common Pleas

DORRIAN, J.

{¶ 1} Plaintiff-appellant, Vickie Hulbert, appeals the May 24, 2016 decision and entry of the Franklin County Court of Common Pleas granting summary judgment in favor of defendants-appellees, Steve Buehrer, Administrator of the Ohio Bureau of Workers' Compensation, and the Ohio Bureau of Workers' Compensation ("the bureau") (and collectively "the bureau appellees"). For the following reasons, we reverse.

I. Facts and Procedural History

{¶ 2} As the instant matter is related to several prior decisions of this court, we shall briefly detail the history of such related matters. As a result of an industrial injury, Peggy Hodge was rendered a quadriplegic. Appellant, a licensed practical nurse ("LPN"),

has been caring for Hodge for many years. In 1993, the Industrial Commission of Ohio ("the commission") set appellant's hourly rate of pay for Hodge's care at $18.75, which was the maximum amount permitted under the guidelines for an LPN, absent special circumstances. The commission authorized reimbursement at that rate for 16 hours per day. *See State ex rel. Hodge v. Indus. Comm.*, 10th Dist. No. 94APD05-643 (June 29, 1995) (memorandum decision). In 1995, the bureau attempted to reduce the reimbursement to 8 hours per day. This court, however, granted Hodge's request for a writ of mandamus to compel the bureau to continue reimbursement for 16 hours per day. We noted then that if the bureau wished to change its reimbursement, it must "appl[y] to the commission for a modification of its responsibilit[y] and * * * establish[] a change of circumstances in regard to Ms. Hodge's need for care." *State ex rel. Hodge v. Pfeiffer*, 10th Dist. No. 95APD05-561 (Mar. 28, 1996) (memorandum decision).

{¶ 3} On May 18, 2007, Hodge filed a request with the commission to increase appellant's hourly rate of pay to $30. Following a December 26, 2007 hearing, a district hearing officer ("DHO") issued an order dismissing the May 18, 2007 motion on jurisdictional grounds. On January 29, 2008, a staff hearing officer ("SHO") affirmed the DHO's order, holding that the commission lacked jurisdiction to increase appellant's pay because amendments to the Ohio Administrative Code had transferred nursing-service oversight to the bureau. The SHO specifically noted that nursing fees are established by the bureau "[i]n accordance with Ohio Administrative Code 4123-7-25(B)." *State ex rel. Hodge v. Ryan*, 10th Dist. No. 09AP-412 (Aug. 17, 2010) (memorandum decision). Hodge never appealed this order.

{¶ 4} On May 21, 2008, Hodge again moved the commission to increase appellant's hourly rate of pay. A DHO issued an order dismissing the motion on jurisdictional grounds, citing the January 29, 2008 SHO's order. On September 16, 2008, an SHO affirmed the DHO's order. Hodge did not appeal the September 16, 2008 order.

{¶ 5} On April 24, 2009, Hodge filed with this court a request for a writ of mandamus against the bureau. This court denied the writ after finding, among other things, that Hodge's failure to appeal the January 29 and September 16, 2008 SHO orders constituted a failure to exhaust her available administrative remedies. *Ryan*. We noted, at that time, "[i]t would seem that relator's complaint is with the *commission rather than*

*the bureau* but, again, relator has failed to administratively appeal two commission orders and instead brings this action against the bureau." (Emphasis added.) On appeal, the Supreme Court of Ohio affirmed our denial of the writ based on appellant's failure to appeal the 2008 SHO orders. *State ex rel. Hodge v. Ryan*, 131 Ohio St.3d 357, 2012-Ohio-999. Referring specifically to the January 29, 2008 SHO order, the Supreme Court stated in dicta, "[w]e also do not find any evidence that Hodge ever formally moved the bureau for an increase, particularly after the January 29, 2008 order specifically stated that it was the bureau, not the commission, that had jurisdiction over the matter." *Ryan*, 2012-Ohio-999, at ¶ 6.[1]

{¶ 6} In April 2013, appellant filed a complaint against the bureau in the Court of Claims of Ohio. The bureau filed a motion for summary judgment, arguing res judicata precluded appellant's claims and that the Court of Claims lacked jurisdiction over appellant's claims. The Court of Claims dismissed appellant's complaint because it lacked appellate jurisdiction over administrative decisions and appellant's complaint sought only equitable relief. On appeal, we noted that the Court of Claims was correct that it generally lacks appellate jurisdiction over administrative decisions. Because appellant failed to challenge this finding on appeal, we affirmed the judgment of the Court of Claims. *Hulbert v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 14AP-374, 2014-Ohio-3937.

{¶ 7} On June 2, 2015, appellant filed a complaint against the bureau appellees in the Franklin County Court of Common Pleas alleging (1) with regard to nursing services previously rendered, the bureau is obligated to pay the difference between her current hourly rate and the hourly rate for nursing services; and (2) the bureau appellees are obligated to pay the hourly rate for nursing services for all future services rendered by appellant. On July 1, 2015, the bureau filed an answer to the complaint.

{¶ 8} On March 15, 2016, the bureau appellees filed a motion for summary judgment pursuant to Civ.R. 56(C). On April 5, 2016, appellant filed a memorandum in opposition to the bureau appellees' motion for summary judgment. On April 27, 2016, the

---

[1] As noted above, the January 29, 2008 SHO order cited to Ohio Adm.Code 4123-7-25(B) as the source of the conclusion that the bureau, rather than the commission, had jurisdiction over the question of appellant's rates. Ohio Adm.Code 4123-7-25 has subsequently been rescinded. Therefore, we do not opine that the Supreme Court's statement in *Ryan*, 2012-Ohio-999, at ¶ 6, suggests any precedent for how to proceed on this matter. Furthermore, neither appellant nor the bureau appellees point us to any other statutory or administrative authority to conclude the same.

bureau appellees filed a reply.  On May 24, 2016, the trial court filed a decision and entry granting summary judgment in favor of the bureau appellees, finding that (1) appellant lacked standing, and (2) claim preclusion bars this action.

## II.  Assignment of Error

{¶ 9}  Appellant appeals and assigns the following single assignment of error for our review:

> The Court of Common Pleas erred by granting Defendants'
> Motion for Summary Judgment filed on March 15, 2016.

## III.  Discussion

{¶ 10}  In her single assignment of error, appellant contends the trial court erred by granting the bureau's motion for summary judgment. Specifically, appellant contends the trial court incorrectly found that she lacked standing to pursue her case and that claim preclusion applied to bar her claims. Before considering appellant's assignment of error, we sua sponte consider whether the trial court possessed jurisdiction over the instant matter.

{¶ 11} Subject-matter jurisdiction is the power conferred on a court or adjudicative body to decide a particular matter on its merits and render an enforceable judgment over the action.  *State ex rel. Gen. Elec. Co. v. Indus. Comm.*, 10th Dist. No. 06AP-648, 2007-Ohio-3293, ¶ 22, citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus.  Subject-matter jurisdiction cannot be waived and may be raised at any time. *See Rosen v. Celebrezze*, 117 Ohio St.3d 241, 2008-Ohio-853, ¶ 45, quoting *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, ¶ 11 (" 'Because subject-matter jurisdiction goes to the power of the court to adjudicate the merits of a case, it can never be waived and may be challenged at any time.' "); *Gen. Elec.* at ¶ 15, citing *State ex rel. Bond v. Velotta Co.*, 91 Ohio St.3d 418, 419 (2001) ("In workers' compensation appeals where jurisdiction is in question, the Ohio Supreme Court has applied the well-established principle that subject-matter jurisdiction may be raised at any time."); *Burkart v. Burkart*, 191 Ohio App.3d 169, 2010-Ohio-5363, ¶ 25 (10th Dist.). Furthermore, because a court cannot consider the merits of a case without subject-matter jurisdiction, it may raise the issue of subject-matter jurisdiction sua sponte. *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 12 (10th Dist.); *State ex rel.*

*White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997) (finding that subject-matter jurisdiction "may be raised *sua sponte* by an appellate court").

{¶ 12} Where a court lacks subject-matter jurisdiction, it must announce its lack of jurisdiction and dismiss the matter; any other proclamation by a court lacking subject-matter jurisdiction is void. *Pratts* at ¶ 11, quoting *State ex rel. Jones v. Suster*, 84 Ohio St.3d 70, 75 (1998) (finding that subject-matter jurisdiction is a " 'condition precedent to the court's ability to hear the case. If a court acts without jurisdiction, then any proclamation by that court is void' "); *Scudere v. France*, 10th Dist. No. 09AP-422, 2009-Ohio-6989, ¶ 6. "We review the issue of subject-matter jurisdiction de novo." *Klosterman v. Turnkey-Ohio, L.L.C.*, 182 Ohio App.3d 515, 2009-Ohio-2508, ¶ 19 (10th Dist.).

{¶ 13} Courts of common pleas generally have jurisdiction over, among other things, civil disputes with amounts in controversy greater than $500. *Measles v. Indus. Comm.*, 128 Ohio St.3d 458, 2011-Ohio-1523, ¶ 7; *Clemons v. Ohio Bur. of Workers' Comp.*, 10th Dist. No. 13AP-691, 2014-Ohio-1259, ¶ 7. Ohio law grants to the commission and its hearing officers jurisdiction to adjudicate contested workers' compensation claims. *See* R.C. 4121.34; 4121.35; 4123.511(C), (D), and (E). *Gen. Elec.* at ¶ 22.

{¶ 14} The Supreme Court has stated the following:

> Litigants may seek judicial review of commission rulings in three ways: by direct appeal to the courts of common pleas * * * by filing a mandamus petition in this court or in the Franklin County Court of Appeals, or by an action for declaratory judgment pursuant to R.C. Chapter 2721. Which procedural mechanism a litigant may choose depends entirely on the nature of the decision issued by the commission. Each of the three avenues for review is strictly limited; if the litigant seeking judicial review does not make the proper choice, the reviewing court will not have subject matter jurisdiction and the case must be dismissed.

*Felty v. AT&T Technologies, Inc.*, 65 Ohio St.3d 234, 237 (1992). *See also George v. Ohio Dept. of Human Servs.*, 10th Dist. No. 04AP-351, 2005-Ohio-2292, ¶ 32 (finding that "the right to dispute the validity of an administrative decision is only conferred by statute and, if such a statutory right exists, the party aggrieved by the administrative decision can only seek an appeal via the method articulated in the statute"); *Midwest Fireworks Mfg. Co. v. Deerfield Twp. Bd. of Zoning Appeals*, 91 Ohio St.3d 174, 177 (2001) ("The right to appeal

an administrative decision is neither inherent nor inalienable; to the contrary, it must be conferred by statute.").

{¶ 15} We also note, that R.C. 4123.52 provides that the commission retains continuing jurisdiction and, when certain criteria are met, "may make such modification or change with respect to former findings or orders with respect thereto, as, in its opinion is justified."

{¶ 16} Here, the 1993 order of the commission set appellant's hourly rate of pay at $18.75. Appellant's complaint alleges that "[t]he hourly rate for nursing services, rendered by an LPN II such as [appellant], is at least $35.00 per hour." (Complaint at 2.) Based on this allegation, appellant seeks the "difference between the hourly rate for nursing services and $18.75 for those hours [appellant] has worked in the past" and asserts that the bureau "is obligated to pay [appellant] the hourly rate for nursing services for all services rendered by [appellant] in the future." (Complaint at 2.) Thus, the relief sought by appellant would have the effect of modifying the 1993 order[2] of the commission setting appellant's hourly rate of pay. However, appellant's complaint does not present one of the avenues for review of an order of the commission. *See Felty* at 237. Nor does it pursue continuing jurisdiction, pursuant to R.C. 4123.52, or even allege that the criteria set forth in R.C. 4123.52 have been met. Absent any authority to the contrary, we cannot find that the trial court possessed subject-matter jurisdiction to consider a modification to the commission's ruling.[3] As a result, the trial court's decision granting summary judgment in favor of the bureau is void. *Pratts* at ¶ 11.

{¶ 17} Accordingly, our determination that the trial court lacked jurisdiction renders appellant's assignment of error moot and we decline to address it. We reverse this

---

[2] At ¶ 24 of our memorandum decision in 09AP-412, we noted that a DHO referred to an October 8, 2006 commission order "in which nursing services were authorized and approved." Such order is not in the record before us and we are not able to verify the DHO's characterization of the October 8, 2006 commission order. Nevertheless, it is worth noting that the DHO commented that at that time there was no request "to exercise continuing jurisdiction over the 11/8/2006 order for any legally acceptable reason. As such, there is no jurisdiction to proceed on the issue of nursing services and the district hearing officer order dated 11/8/2006 remains in effect."

[3] We note the Supreme Court, in its 2012 decision on the mandamus action commenced by Hodge, stated: "We also do not find any evidence that Hodge ever formally moved the bureau for an increase, particularly after the January 29, 2008 order specifically stated that it was the bureau, not the commission, that had jurisdiction over the matter." *Ryan*, 2012-Ohio-999, at ¶ 6. The record before us similarly lacks any evidence that Hodge or Hulbert ever formally moved the bureau for an increase.

matter and remand with instructions for the trial court to vacate its decision and dismiss appellant's complaint for lack of jurisdiction.

## IV. Conclusion

{¶ 18} Having found appellant's single assignment of error to be moot, we reverse the judgment of the Franklin County Court of Common Pleas and remand this matter to that court for the trial court to vacate its decision and dismiss appellant's complaint for lack of jurisdiction.

*Judgment reversed;*
*cause remanded with instructions.*

TYACK, P.J., and BROWN, J., concur.