[Cite as *State ex rel. Bey v. Ohio Court of Claims*, 2021-Ohio-2200.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Vincent El Alan Parker Bey,  :

      Relator,  :

                                 No.  19AP-853

v.  :

                          (REGULAR CALENDAR)

Ohio Court of Claims,  :

      Respondent.  :

———————

D E C I S I O N

Rendered on June 29, 2021

———————

**On brief**: *Vincent El Alan Parker Bey*, pro se.

**On brief**: *Dave Yost*, Attorney General, *Michael A. Walton*, and *Bridget C. Coontz*, for respondent.

———————

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

BROWN, J.

{¶ 1}  Relator, Vincent A. Parker, under the name Vincent El Alan Parker Bey, has filed a pro se original action requesting this court to issue a writ of mandamus ordering respondent, the Court of Claims of Ohio, to respond to his public records request brought under R.C. 149.43 and to award costs and statutory damages.  Relator further seeks an order of civil forfeiture pursuant to R.C. 149.351. Respondent has filed a motion to dismiss the complaint under Civ.R. 12(B).

{¶ 2}  The matter was referred to a magistrate of this court pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals. The magistrate issued the appended decision, including findings of fact and conclusions of law, recommending this court grant respondent's motion to dismiss and deny the requested writ on grounds that: (1) relator's complaint fails to state a claim for relief as the Public Records Act no longer

applies to judicial records such as those sought by relator, and (2) this court lacks jurisdiction over relator's civil forfeiture claim.

{¶ 3} Relator has filed objections to the magistrate's decision, arguing the magistrate erred by: (1) recommending the complaint be dismissed for grounds not argued by respondent, (2) concluding relator failed to state a clear legal right to relief, and (3) failing to mention that respondent did not respond in writing to the public records request.

{¶ 4} At the outset, as noted by respondent, relator has filed untimely objections to the magistrate's decision. Specifically, the record indicates that, subsequent to the filing of the magistrate's decision (on December 3, 2020), relator filed a motion for an extension of time to file objections to that decision. This court, by journal entry filed December 23, 2020, granted relator an extension of time to file his objections to the magistrate's decision "no later than January 15, 2021." Relator, however, did not file his objections until February 9, 2021. Although untimely, we will, in our discretion, address the merits of the objections.

{¶ 5} Under Ohio law, " '[a] motion to dismiss for failure to state a claim upon which relief can be granted is procedural and tests the sufficiency of the complaint.' " *State ex rel. Belle Tire Distribs., Inc. v. Indus. Comm.*, 154 Ohio St.3d 488, 2018-Ohio-2122, ¶ 17, quoting *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992). Further, "[a] court may grant a motion to dismiss only when the complaint, when construed in the light most favorable to the plaintiff and presuming all the factual allegations in the complaint are true, demonstrates that the plaintiff can prove no set of facts entitling him to relief." *Id.*, citing *Mitchell v. Lawson Milk Co.*, 40 Ohio St.3d 190, 192 (1988).

{¶ 6} Under his first objection, relator argues the magistrate erred by dismissing that part of his complaint seeking monetary damages for civil forfeiture (pursuant to R.C. 149.351) on a ground not presented by respondent. Specifically, relator refers to the magistrate's determination that this court lacked jurisdiction over relator's forfeiture claim based on the language of R.C. 149.351(B) (i.e., providing that a civil action to recover a forfeiture must be brought "in the court of common pleas of the county in which division (A) * * * allegedly was violated").

{¶ 7} In general, "[s]ubject-matter jurisdiction is the power conferred on a court or adjudicative body to decide a particular matter on its merits and render an enforceable

judgment over the action." *Hulbert v. Buehrer*, 10th Dist. No. 16AP-474, 2017-Ohio-844, ¶ 11, citing *State ex rel. Gen. Elec. Co. v. Indus. Comm.*, 10th Dist. No. 06AP-648, 2007-Ohio-3293, ¶ 22, citing *Morrison v. Steiner*, 32 Ohio St.2d 86 (1972), paragraph one of the syllabus.

{¶ 8}  We note relator does not appear to challenge the magistrate's interpretation of the statute but, as noted, contends the magistrate erred in deciding the issue on grounds not raised by respondent.  Subject-matter jurisdiction, however, "may not be waived or bestowed upon a court by the parties to the case." *State ex rel. White v. Cuyahoga Metro. Hous. Auth.*, 79 Ohio St.3d 543, 544 (1997), citing *State v. Wilson*, 73 Ohio St.3d 40, 46 (1995).  Further, "because a court cannot consider the merits of a case without subject-matter jurisdiction, it may raise the issue of subject-matter jurisdiction sua sponte." *Hulbert* at ¶ 11, citing *Foreman v. Lucas Cty. Court of Common Pleas*, 189 Ohio App.3d 678, 2010-Ohio-4731, ¶ 12 (10th Dist.).  Accordingly, and contrary to relator's contention, there is "no requirement" that any party raise the issue of subject-matter jurisdiction before a court can examine and determine its jurisdiction. *Sherman v. Burkholder*, 8th Dist. No. 66600 (Dec. 15, 1994).

{¶ 9}  Here, the magistrate properly determined this court lacked jurisdiction over relator's claim for civil forfeiture. *See* R.C. 149.351(B); *Patriot Water Treatment, LLC v. Ohio Dept. of Natural Resources,* 10th Dist. No. 13AP-370, 2013-Ohio-5398, ¶ 34 (noting "a claim based on an alleged violation of R.C. 149.351(A) and seeking * * * a 'forfeiture' in the amount of $1,000 per violation * * * may *only* be brought in 'the court of common pleas of the county in which division (A) of this section allegedly was violated"). (Emphasis sic.) Accordingly, relator's first objection is overruled.

{¶ 10} Under his second objection, relator contends the magistrate failed to rule on his petition in a timely fashion and that case law existing at the time he filed his mandamus action would have been favorable to him.  We note that relator acknowledges the recent decision in *State ex rel. Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, in which the Supreme Court of Ohio addressed an appeal by this same relator from a judgment of the Eighth District Court of Appeals denying his request for a writ of mandamus to compel the clerk of courts of Cuyahoga County to produce various court records.  In *Byrd*, the Supreme Court noted that "Sup.R. 44 through 47, the public-access provisions of the Rules of Superintendence, apply * * * to case documents in cases commenced on or after July 1,

2009" (and that, correspondingly, the Public Records Act (i.e., R.C. 149.43) is applicable to such actions commenced prior to July 1, 2009). *Id.* at ¶ 12. *See also State v. Ware*, 9th Dist. No. 29133, 2020-Ohio-3542, ¶ 5, citing *Byrd* at ¶ 11-12 (noting "[t]he Supreme Court of Ohio has recently clarified that Sup.R. 44 through 47 * * * apply to case documents in cases commenced *on or after July 1, 2009*," and that an action to compel production of documents from a criminal case commencing prior to July 1, 2009 must "be brought under the Public Records Act, not the Rules of Superintendence"). (Emphasis sic.)

{¶ 11} Relator's contention that a more timely decision by the magistrate (i.e., prior to the Supreme Court's decision in *Byrd*) would have required application of law more favorable to him is not persuasive as the Supreme Court, prior to *Byrd,* had recognized that access to the type of records at issue in the instant action are governed by the Rules of Superintendence. *See, e.g., State ex rel. Village of Richfield v. Laria*, 138 Ohio St.3d 168, 2014-Ohio-243, ¶ 8 (noting "[w]e amended the Rules of Superintendence by adopting Rules 44 through 47, effective July 1, 2009," and that "Sup.R. 44 through 47 deal specifically with procedures regulating public access to court records and are the sole vehicle for obtaining such records in actions commenced after July 1, 2009"); *State ex rel. Vindicator Printing Co. v. Wolff,* 132 Ohio St.3d 481, 2012-Ohio-3328, ¶ 23 (noting, in action filed in 2011, "Sup.R. 44 through 47 became effective on July 1, 2009," and "[w]e decide this case based on the Rules of Superintendence, which provide for public access to court records").

{¶ 12} Based on the foregoing, relator's second objection is not well-taken and is overruled.

{¶ 13} Under his final objection, relator contends the magistrate erred in failing to mention that respondent did not respond in writing to the public records request. Relator argues that, pursuant to R.C. 149.43 of the Public Records Act, a public office is required to provide a written explanation for denying a public records request. According to relator, the magistrate's failure to "even mention" that respondent failed to respond in writing "gives the instant mandamus/civil forfeiture the appearance that the respondent did not have the duty to respond in writing." (Relator's Brief at 4-5.)

{¶ 14} While relator's objection relies on provisions of the Public Records Act, the magistrate determined (properly) that the Public Records Act "no longer applies to judicial records such as those sought by relator." (Appended Mag. Decision at ¶ 26.) Rather, as

discussed above and noted by the magistrate, such actions, "beginning on or after July 1, 2009, are governed by the Rules of Superintendence for the Courts of Ohio."  (Appended Mag. Decision at¶ 26.)  Having concluded that relator's attempt to obtain judicial records (arising out of a case commenced after July 1, 2009) was not governed by the Public Records Act, and therefore finding relator's complaint failed to state a claim for an enforcement action in mandamus under R.C. 149.43(C)(1), the magistrate did not err in failing to "mention" that respondent did not respond in writing to the public records request.   Nor, in any event, would such factual findings be required under the circumstances.  *See, e.g.*, *State ex rel. Drake v. Athens Cty. Bd. of Elections*, 39 Ohio St.3d 40, 41 (1988) ("When a court dismisses a complaint pursuant to Civ.R. 12(B)(6), it makes no factual findings beyond its legal conclusion that the complaint fails to state a claim upon which relief can be granted.").

{¶ **15**}  Relator's third objection is overruled.

{¶ **16**} Following an independent review of the magistrate's decision and the objections filed by relator, we find the magistrate has determined the pertinent facts and properly applied the relevant law.  Accordingly, relator's objections are overruled, and we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein. In accordance with the magistrate's decision, we grant respondent's motion to dismiss the complaint and deny the requested writ of mandamus.

*Objections overruled*; *respondent's motion to dismiss granted*;
*relator's request for writ of mandamus denied.*

DORRIAN, P.J., and LUPER SCHUSTER, J., concur.

_____

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Vincent El Alan Parker Bey, | : | |
| Relator, | : | |
| v. | : | No. 19AP-853 |
| Ohio Court of Claims, | : | (REGULAR CALENDAR) |
| Respondent. | : | |

M A G I S T R A T E ' S   D E C I S I O N

Rendered on December 3, 2020

*Vincent El Alan Parker Bey,* pro se.

*Dave Yost,* Attorney General, *Michael A. Walton,* and *Halli Brownfield,* for respondent.

IN MANDAMUS
ON RESPONDENT'S MOTION TO DISMISS

{¶ 17} Relator, Vincent A. Parker, under the name Vincent El Alan Parker Bey, brings this original action seeking a writ of mandamus ordering respondent, the Court of Claims of Ohio, to respond to his public records request brought under R.C. 149.43 and pay statutory damages for respondent's alleged failure to timely comply. Relator also seeks an order of civil forfeiture for respondent's alleged violation of R.C. 149.351, which imposes a prohibition against destruction, damage, or disposal of public records other than as provided by law.

Findings of Fact:

{¶ 18} 1. Relator filed his complaint in mandamus on December 18, 2019.

**{¶ 19}** 2. The complaint avers that relator on March 12, 2019 made a public records request under Ohio's Public Records Act, R.C. 149.43, addressed to the Clerk of the Court of Claims by certified mail and received on March 18, 2019. The records request asks for two items: a copy of the Court of Claims records retention schedule putatively adopted under R.C. 149.43 and copy of a document submitted as an exhibit in a prior case involving relator.

**{¶ 20}** 3. The complaint further states that respondent has not received an adequate and timely response to his public records request, and respondent has provided only a copy of an entry indicating that the exhibit in question could not be located.

**{¶ 21}** 4. The Court of Claims case involving the requested exhibit, docket number 2013-00154, commenced in 2013.

**{¶ 22}** 5. The Court of Claims is a judicial body of the state of Ohio, created pursuant to the Court of Claims Act, codified at R.C. 2743.01 et seq.

**{¶ 23}** 6. Respondent moved on January 23, 2020 to dismiss the complaint under Civ.R. 12(B)(6).

Discussion and Conclusions of Law:

**{¶ 24}** The matter is before the magistrate on respondent's motion to dismiss the complaint for failure to state a claim. Proceedings under Civ.R. 12(B)(6) to dismiss a complaint for failure to state a claim upon which relief can be granted test the sufficiency of the complaint on its face, and, in appropriate cases, the effect and sufficiency of any attached documents. *State ex rel. Hanson v. Guernsey Cty. Bd. of Commrs.*, 65 Ohio St.3d 545, 548 (1992), citing *Assn. for the Defense of the Washington Local School Dist. v. Kiger*, 42 Ohio St.3d 116, 117 (1989). The court may, therefore, only consider the complaint itself and any written instruments attached thereto by the plaintiff. *Cline v. Mtge. Electronic Registration Sys.*, 10th Dist. No. 13AP-240, 2013-Ohio-5706, ¶ 9; *Brisk v. Draf Indus,*, 10th Dist. No. 11AP-233, 2012-Ohio-1311, ¶ 10; *Park v. Acierno*, 160 Ohio App.3d 117, 2005-Ohio-1332, ¶ 29 (7th Dist.). For the court to grant the motion to dismiss for failure to state a claim upon which relief can be granted, it must appear beyond doubt from the complaint that relator can prove no set of facts entitling him to a writ of mandamus. *LeRoy v. Allen, Yurasek & Merklin*, 114 Ohio St.3d 323, 2007-Ohio-3608, ¶ 14; *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242 (1975), syllabus.

{¶ 25} Relator seeks a writ of mandamus. In order for this court to issue a writ of mandamus, relators must show a clear legal right to the relief sought, a clear legal duty on the part of the respondent to provide such relief, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Pressley v. Indus. Comm.*, 11 Ohio St.2d 141 (1967). For the reasons that follow, relator's complaint fails to state on its face a clear legal right for relator or a clear legal duty for respondent, and the motion to dismiss must be granted.

{¶ 26} Relator brings this mandamus action under the Public Records Act, R.C. 149.43. The appropriate remedy to compel compliance with Ohio's Public Records Act is indeed an action in mandamus. R.C. 149.43(C)(1). The Public Records Act, however, no longer applies to judicial records such as those sought by relator. Such actions beginning on or after July 1, 2009, are governed by the Rules of Superintendence for the Courts of Ohio ("Sup.R. ___"). *State ex rel. Parker Bey v. Byrd*, 160 Ohio St.3d 141, 2020-Ohio-2766, at ¶ 12.

> Generally, if the records requested are held by or were created for the judicial branch, then the party seeking to obtain the records must submit a request pursuant to Sup.R. 44 through 47. See Sup.R. 44(B) (defining "court record" as including case documents and administrative documents); Sup.R. 44(C)(1) (defining "case document" generally as a document "submitted to a court or filed with a clerk of court in a judicial action or proceeding"); Sup.R. 44(G)(1) (defining "administrative document" generally as a document "created, received, or maintained by the court to record the administrative, fiscal, personnel, or management functions, polices, decisions, procedures, operations, organization, or other activities of the court"); [*State ex rel. Husband v. Shanahan*, 157 Ohio St.3d 148, 2019-Ohio-1853] at ¶ 6. If the party is not seeking to obtain the records through the correct vehicle, the party is not entitled to the requested records in that action.

*State ex rel. Parisi v. Dayton Bar Assn. Certified Grievance Commt.*, 159 Ohio St.3d 211, 2019-Ohio-5157, ¶ 21.

{¶ 27} "If a party seeks to obtain judicial records through means other than Sup.R. 44 through 47, the party is not entitled to a writ of mandamus, as the Rules of Superintendence are the sole vehicle by which a party may seek to obtain such records." *Id.* at ¶ 20. Relator seeks records held by the Court of Claims, part of the judicial branch of government, and arising out of a case commenced on or after July 1, 2009. He has invoked

the wrong means through which to bring his request, and his complaint accordingly fails to state a claim for an enforcement action in mandamus under R.C. 149.43(C)(1).

{¶ 28} Relator's complaint also attempts to bring an action under R.C. 149.351. This section is titled "Prohibition against destruction or damage of records." The statute provides that all public records are the property of the public and may not be "removed, destroyed, mutilated, transferred, or otherwise damaged or disposed of, in whole or in part, except as provided by law." R.C. 149.351(A). Persons aggrieved by the unlawful destruction or disposition of records may commence a civil action for injunctive relief, R.C. 149.351(B)(1), or recover a forfeiture in the amount of one thousand dollars for each violation, R.C. 149.351(B)(2). Such an action must be brought, however, "in the court of common pleas of the county in which division (A) * * * allegedly was violated." R.C. 149.351(B). This court of appeals lacks jurisdiction over such an action and must dismiss it. By dismissing this aspect of the complaint for lack of jurisdiction the court does not reach the subsequent question of whether R.C. 149.351 applies to court records at all.

{¶ 29} In summary, the magistrate concludes that relator's complaint fails to state a claim for which relief can be granted. It is the magistrate's decision and recommendation that this court grant respondent's motion to dismiss and thereby deny the requested writ.

/S/ MAGISTRATE
MARTIN L. DAVIS

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3).